**CIRCUIT COURT FOR SOMERSET COUNTY MARYLAND**

30512 Prince William Street, Princess Anne, Maryland, 21853

Main: 410-845-4840
Fax: 410-845-4842

To: DOLGENCORP, LLC
SERVE ON: CSC LAWYERS INCORPORATIONG SERVICE CO.
7 ST. PAUL STREET, STE 820
BALTIMORE, MD 21202

Case Number: C-19-CV-24-000041
Other Reference Number(s):
Child Support Enforcement Number:

DIANNE LUEDTKE VS. DOLGENCORP, LLC, ET AL.

Issue Date: 4/8/2024

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

DIANNE LUEDTKE
26426 Old State Road
Crisfield, MD 21817

This summons is effective for service only if served within 60 days after the date it is issued.

*Charles T. Horner*
Charles T. Horner
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

# SHERIFF'S RETURN
### (please print)

To: DOLGENCORP, LLC

_____ ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
Name of person served

on _____ at _____
Date of service         Location of service

_____ by _____ with the following:
                     Manner of service

☐ Summons                    ☐ Counter-Complaint
☐ Complaint                  ☐ Domestic Case Information Report
☐ Motions                    ☐ Financial Statement
☐ Petition and Show Cause Order    ☐ Interrogatories
☐ Other _____
Please specify

(2) Was unable to serve because:
☐ Moved left no forwarding address    ☐ No such address
☐ Address not in jurisdiction          ☐ Other
                                        _____
                                        Please specify

Sheriff fee: $ _____   ☐ waived by _____

_____    _____
Date               Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

CC-CV-032 (Rev. 03/2024)         Page 2 of 2         04/08/2024 9:29 AM

IN THE CIRCUIT COURT FOR Somerset County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS
*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).
*Defendant*: You must file an Information Report as required by Rule 2-323(h).
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING**

**FORM FILED BY:** ☒ PLAINTIFF  ☐ DEFENDANT    CASE NUMBER C-19-CV-24-000041 (Clerk to insert)

**CASE NAME:** Dianne L. Luedtke vs. DolgenCorp, LLC & Byzantine, Inc.
                       Plaintiff                                          Defendant

**PARTY'S NAME:** Dianne Lorraine Luedtke        **PHONE:**
**PARTY'S ADDRESS:** 26426 Old State Road, Crisfield, Maryland 21817
**PARTY'S E-MAIL:**

**If represented by an attorney:**
**PARTY'S ATTORNEY'S NAME:** Kristy M. Hickman    **PHONE:** 410-968-9200
**PARTY'S ATTORNEY'S ADDRESS:** 517 W. Main St., P.O. Box 70, Crisfield, MD 21817
**PARTY'S ATTORNEY'S E-MAIL:** khickman@phoebuslaw.com

**JURY DEMAND?** ☒ Yes  ☐ No
**RELATED CASE PENDING?** ☐ Yes ☒ No    If yes, Case #(s), if known:
**ANTICIPATED LENGTH OF TRIAL?:** ____ hours  2 days

### PLEADING TYPE
**New Case:**  ☒ Original   ☐ Administrative Appeal   ☐ Appeal
**Existing Case:** ☐ Post-Judgment   ☐ Amendment
*If filing in an existing case*, skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt:
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☒ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)                    Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☒ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000   ☐ $10,000 - $30,000   ☐ $30,000 - $100,000   ☒ Over $100,000

☐ Medical Bills $ __30,000__   ☐ Wage Loss $ _____   ☐ Property Damages $ _____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation        ☒ Yes   ☐ No         C. Settlement Conference   ☒ Yes   ☐ No
B. Arbitration      ☐ Yes   ☒ No         D. Neutral Evaluation      ☐ Yes   ☒ No

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.    *(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time
☐ 1 day of trial time               ☐ More than 3 days of trial time
☒ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions*, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.

☐ **Expedited**- Trial within 7 months of Defendant's response       ☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) | |
|---|---|
| *FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.* | |
| ☐ **Expedited** - Trial within 7 months of Defendant's response | ☐ **Standard** - Trial within 18 months of Defendant's response |

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff............................................. . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

April 1, 2024
Date

517 West Main Street, P.O. Box 70
Address

Crisfield          MD          21817-0070
City                State         Zip Code

/s/ Kristy M. Hickman
Signature of Counsel / Party

Kristy M. Hickman AIN 9506210282
Printed Name

CC-DCM-002 (Rev. 04/2017)                Page 3 of 3

C-19-CV-24-000041

| | |
|---|---|
| DIANNE L. LUEDTKE<br>26426 Old State Road<br>Crisfield, Maryland 21817<br><br>Plaintiff<br><br>v.<br><br>DOLGENCORP, LLC.<br>Trading as Dollar General Store 437<br>421 West Main Street<br>Frankfurt, Kentucky 40601<br><br>and<br><br>BYZANTINE, INC.<br>192 Oakville Road<br>Beaver Falls, Pennsylvania 15010<br><br>Defendants | CASE NO. _____<br><br>IN THE CIRCUIT COURT<br><br>FOR SOMERSET COUNTY<br><br>STATE OF MARYLAND |

## Complaint and Demand for Trial by Jury

Dianne L. Luedtke, Plaintiff, through her attorneys, Kristy M. Hickman, John K. Phoebus, and Anthenelli, Phoebus & Hickman, LLC, sues Byzantine, Inc. and DolgenCorp, LLC, Defendants, and for causes of action against said Defendants, states that:

### Parties and Venue

1. Plaintiff Dianne L. Luedtke resides in Somerset County, Maryland.

2. Defendant Byzantine, Inc. is a Pennsylvania corporation that owns that commercial real estate in Somerset County, Maryland on which is located that commercial building and parking lot known as 318 West Main Street, Crisfield, Somerset County, Maryland, on which Plaintiff sustained injuries.

3. Defendant DolgenCorp, LLC is a Kentucky limited liability company that operates and maintains that discount retail store known as Dollar General Store 437 located at 318 West Main Street, Crisfield, Somerset County, Maryland 21817.

4. Venue and jurisdiction are proper in this court.

**Facts Common to All Counts**

5. Dollar General Store 437 is a discount retail store located at 318 West Main Street, Crisfield, Maryland 21817.

6. At all times relevant hereto, Dollar General Store 437 was operated by Defendant DolgenCorp, LLC.

7. Dollar General Store 437 is located on commercial real estate owned by Defendant Byzantine, Inc. and consists of a commercial building serviced by commercial parking lots exclusively serving the business invitees of the Defendants.

8. Upon information and belief, under the terms of the lease agreement between DolgenCorp, LLC and Byzantine, Inc., Defendant Byzantine, Inc. remained responsible for the maintenance and safety of the exterior of the commercial building, including the parking lot and the walking surfaces between the parking lot and the store entrance.

9. On April 2, 2021, Plaintiff Dianne Luedtke was a business invitee at the Dollar General Store 437 located at 318 West Main Street, Crisfield, Somerset County, Maryland.

10. Plaintiff Dianne Luedtke parked her vehicle in the Dollar General parking lot on the West side of the Dollar General and entered the building to shop.

11. On the west side of the Dollar General store, the parking lot serving the store consists of about a dozen head-in parking spots adjacent to the store. Some, but not all of these parking spots are separated from the building by a metal guardrail that is positioned to prevent customer vehicles from contacting the exterior wall of the building. This guardrail does not extend the entire length of the exterior wall of the building. Between these parking spots and the customer entrance to the Dollar General store are a few parking spots that do not have a guardrail in front of the head-in portion of the parking spot, but instead have yellow metal posts used as bollards protruding about 18 inches to two feet out of the ground.

12. As the Plaintiff was leaving the store and carefully proceeding to her motor vehicle, she tripped and fell over the mangled, unrepaired end of the guardrail,

which protruded into the parking space and across the walking surface of the parking lot by several feet, causing her to fall and fracture her left knee.

13. Plaintiff Dianne Luedtke did not notice the mangled, unrepaired guardrail, as it was not marked with any sort of safety color to warn of the dangerous condition. This was in contrast to other low-lying trip hazards in the Defendants' parking lot, which were painted bright yellow to warn of their presence and potential trip hazard.

14. At the time of the incident, the mangled, unrepaired guardrail created a trip hazard to business invitees of the Defendants, including, but not limited to, Plaintiff Dianne Luedtke.

15. No warning was given to invitees of the Dollar General Store 437 that this dangerous condition existed or that they might encounter such a trip hazard while proceeding to their vehicle.

16. No barricades were placed to prevent customers from encountering the mangled, unrepaired guardrail or any other low-lying trip hazards in the parking lot.

### Count One—Premises Liability
(Defendants Byzantine Inc. and DolgenCorp, LLC.)

17. Plaintiff Dianne Luedtke incorporates by reference the allegations contained in paragraphs 1 through 16.

18. At all times relevant hereto, Plaintiff Dianne Luedtke was a business invitee of Defendants Byzantine, Inc. and DolgenCorp, LLC.

19. The Defendants owed to their business invitees the duty to exercise reasonable and ordinary care to keep the parking lot at 318 West Main Street safe for the Plaintiff and to protect her from injury caused by an unreasonable risk that the Plaintiff, by exercising care for her own safety, would not have discovered.

20. The danger posed by the unsafe parking lot and mangled, unrepaired guardrail was known or should have been known to the Defendants.

21. Defendants breached their duty of care to the Plaintiff by failing to maintain the parking lot and keep the parking lot free from unreasonable dangerous conditions, and by failing to warn invitees of the danger posed by unreasonable dangerous conditions, thereby failing to keep the parking lot of Dollar General Store 437 safe for business invitees.

22. As a direct and proximate result of these negligent acts of the Defendants Byzantine, Inc. and DolgenCorp, LLC, Plaintiff Dianne Luedtke was caused to sustain serious personal injuries including, but not limited to, a fractured left patella.

23. As a further direct and proximate result of these negligent acts of the Defendants Byzantine, Inc. and DolgenCorp, LLC, Plaintiff Dianne Luedtke was caused to suffer mental anguish, physical pain and suffering, and loss of enjoyment of life.

24. As a further direct and proximate results of these negligent acts of the Defendants Byzantine, Inc. and DolgenCorp, LLC, Plaintiff Dianne Luedtke has suffered and will continue to suffer other economic and other non-economic harm and damages and other losses and some of the injuries sustained by her are permanent in nature.

25. All of the injuries sustained by Plaintiff Dianne Luedtke were a direct and proximate result of the negligence of the Defendants Byzantine, Inc. and DolgenCorp, LLC without any want of care on the part of Plaintiff Dianne Luedtke contributing thereto.

WHEREFORE, Plaintiff Dianne Luedtke demands judgment against Defendants Byzantine, Inc. and DolgenCorp, LLC, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

/s/ Kristy M. Hickman
Kristy M. Hickman
ANTHENELLI, PHOEBUS & HICKMAN, LLC
517 West Main Street
P.O. Box 70
Crisfield, Maryland 21817
(410) 968-9200
khickman@phoebuslaw.com
AIN 9506210282

/s/ John K. Phoebus
John K. Phoebus
ANTHENELLI, PHOEBUS & HICKMAN, LLC

517 West Main Street
P.O. Box 70
Crisfield, Maryland 21817
(410) 968-9200
john@phoebuslaw.com
AIN 9712180068

Attorneys for the Plaintiff

## Demand for Trial by Jury

Plaintiff Dianne Luedtke demands a trial by jury.

/s/ Kristy M. Hickman
Kristy M. Hickman