IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DIANNE LUEDTKE,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No: 1:24-cv-01320-JMC |
| **DOLGENCORP, LLC, et al.,** | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Plaintiff, Dianne Luedtke, filed the present lawsuit against Defendants, Dolgencorp, LLC ("Dolgencorp") and Byzantine, Inc. ("Byzantine") in the Circuit Court for Somerset County, Maryland, on April 1, 2024. (ECF No. 2). Defendants removed the matter to this Court shortly thereafter. (ECF No. 1). Plaintiff asserts a premises liability negligence claim against Defendants based on injuries she sustained after tripping over a broken guardrail in the parking lot of a Dollar General Store. *Id.* Currently pending before the Court is Defendants' jointly filed Motion for Summary Judgment. (ECF No. 30). The Court has considered Plaintiff's Opposition. (ECF No. 32). No Reply has been filed and the time to do so has passed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth herein, Defendants' Motion for Summary Judgment (ECF No. 30) shall be DENIED.

### I. BACKGROUND

The following facts are undisputed. On April 2, 2021, Plaintiff and her two granddaughters went shopping at a Dollar General Store located in Somerset County, Maryland. (ECF No. 30-3 at 2). The store is owned and operated by Dolgencorp, and Byzantine owns the property and leases it to Dolgencorp. (ECF No. 30-1 at 4.). As Plaintiff and her granddaughters left the store and

returned to Plaintiff's parked car, Plaintiff tripped over a mangled and unrepaired guardrail in the parking lot, causing her to fall. (ECF No. 30-3 at 2-3). Plaintiff testified in her deposition that she had observed the guardrail and walked around it when she entered the Dollar General Store that day. (ECF No. 30-5 at 8). She further testified that she was looking towards the guardrail as she exited the store and was aware of its location as she approached her vehicle, but was unable to see the guardrail because of the shopping bags (holding her Dollar General Store purchases) in her left hand. *Id.* at 8-10. Plaintiff had been to the Dollar General Store approximately thirty (30) times prior to April 2, 2021, and had observed the guardrail in question on those occasions. *Id.* at 5, 8.

Plaintiff alleges that Defendants breached their duty of care "by failing to maintain the parking lot and keep the parking lot free from unreasonable dangerous conditions, and by failing to warn invitees of the danger posed by unreasonable dangerous conditions, thereby failing to keep the parking lot of the Dollar General Store 437 safe for business invitees." (ECF No. 30-3 at 3). She filed the instant suit on April 1, 2024, seeking damages in excess of $75,000 for a fractured left patella, mental anguish, physical pain and suffering, loss of enjoyment of life, and other economic and non-economic harm. *Id.* at 4.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his]

pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).

The Court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

### III.   ANALYSIS

#### A. Maryland Tort Law Governs this Diversity Case

The parties agree, as does the Court, that substantive Maryland law controls in this diversity case. "A federal court sitting in diversity must apply the choice-of-law rules from the forum state." *Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)). When determining which jurisdiction's tort law governs in a particular matter, Maryland courts apply the *lex locti delicti* principle, which provides that "the substantive rights of the parties…are to be determined by the law of the state in which the alleged tort took place." *Marcus v. Tucker*, No. DKC 23-892, 2024 WL 2728513, at *2 (D. Md. May 28, 2024) (quoting *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 745 (2000)). As such, because Plaintiff alleges her injury occurred in Maryland, the Court will analyze Plaintiff's claims under Maryland tort law.

3

**B. There is a Genuine Dispute of Material Fact Regarding the Reasonableness of Plaintiff's Conduct**

Defendants contend that Plaintiff's claim cannot proceed as a matter of law because she was contributorily negligent by failing to avoid the guardrail despite being familiar with its location and condition. (ECF No. 30-1 at 5). However, because reasonable minds could differ as to whether an ordinary and prudent person should have avoided the guardrail under these circumstances, the Court concludes that summary judgment is not proper.

"A plaintiff's contributory negligence operates as an absolute bar to recovery under Maryland law." *O'Brien v. Walmart, Inc.*, 634 F. Supp. 3d 244, 250 (D. Md. 2022) (citations omitted). Contributory negligence is defined as "the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." *Id.* (quoting *Thomas v. Panco Mgmt. of Md., LLC*, 31 A.3d 583, 602 (Md. 2011) (citation omitted)). The party invoking the doctrine must demonstrate that the "injured party acted, or failed to act, with knowledge and appreciation, either actual or imputed, of the danger of injury which his conduct involves." *Menish v. Polinger Co.*, 356 A.2d 233, 237 (Md. 1976).[1] Additionally, "[t]he issue of contributory negligence is ordinarily a question of fact to be decided by a jury" and while it may be decided as a matter of law, a court may only do so in "very narrow circumstances." *O'Brien*, 634 F. Supp. 3d at 250 (citations omitted). In determining whether a plaintiff was contributorily negligent as a matter of law, "[t]he rule to be applied….is that the act (or omission) so relied on must be distinct, prominent and decisive, and one about which reasonable minds would not differ in declaring it to be negligence." *Menish*, 356 A.2d at 238.

---

[1] *Menish v. Polinger* is the "leading Maryland authority on contributory negligence[.]" *Cador v. Yes Organic Market Hyattsville Inc.*, 269 A.3d 353, 359 (Md. 2022).

Defendants argue that anyone exercising "even a modicum" of caution would have observed the location and condition of the guardrail and avoided it. (ECF No. 30-1 at 6). They point to the fact that Plaintiff was familiar with the Dollar General Parking lot, as she had visited it approximately thirty times previously, and that she observed the guardrail and walked around it prior to entering the store the very same day. *Id.* at 8. They contend these facts illustrate Plaintiff's "fail[ure] to observe ordinary care for [her] own safety" and that she is therefore barred from recovery as a matter of law. *Id.*

Plaintiff responds that there remains a genuine dispute of fact as to whether her conduct was reasonable, explaining that "while a person who sees a damaged guardrail might note its damaged condition, whether a reasonable person in the Plaintiff's shoes would recall the precise nature of the mangled guardrail upon their return approximately 20 to 30 minutes later … is a jury question[.]" (ECF No. 32-1 at 8). She further notes that her vision was obscured by shopping bags containing goods purchased from the Dollar General Store. *Id.* at 7. Plaintiff points out that Dolgencorp operates the Dollar General Store with the hopes that customers will exit the store "laden with packages," and cites authority for the proposition that:

> The storekeeper expects and intends that his customers shall not look at the floor but at the goods which he displays to attract their attention and which he hopes they will buy. He at least ought not to complain, if they look at the goods displayed instead of at the floor to discover possible pitfalls, obstructions, or other dangers, *or if their purchases so encumber them as to prevent them from seeing dangers which might otherwise be apparent.* Patrons are entitled therefore to rely to some extent at least upon the presumption that the proprietor will see that the passageways provided for their use are unobstructed and reasonably safe.

*Chalmers v. Great Atlantic & Pacific Tea Co.*, 192 A. 419, 422 (Md. 1937) (emphasis added).

The Court agrees that the reasonableness of Plaintiff's conduct is a question of fact which must be resolved by a jury. A jury might conclude that a reasonable person familiar with the Dollar

5

General Store parking lot, and who had observed the damaged guardrail earlier that day, would have walked around it. On the other hand, a jury could also conclude that a reasonable person might not recall the precise location of the guardrail when they were exiting the store and manage to avoid it, particularly whilst carrying shopping bags obscuring their view of the ground. Plaintiff's familiarity with the parking lot, and even with the condition of the guardrail, is not necessarily dispositive. *Compare Ensor v. Ortman*, 220 A.2d 82, 91-92 (Md. 1956) (holding that whether a tenant's continued use of a back porch despite knowing its defectiveness constituted contributory negligence was a question of fact for the jury); *see also Berkenfeld v. Lenet*, 921 F.3d 148, 154 (4th Cir. 2019) ("[E]ven if the act done . . . turns out to be an error of judgment, this alone does not make the act negligent if an ordinarily prudent person may have made the same error.") (quoting *Hill v. Wilson*, 760 A.2d 294, 305 (Md. App. 2000)). Maryland case law is clear that there must be no room for difference of opinion as to whether Plaintiff's conduct was contributorily negligent. *Menish*, 356 A.2d at 238. That is simply not the case here. Accordingly, Defendants' Motion for Summary Judgment shall be denied.

### IV.    CONCLUSION

For the foregoing reasons, it is this 18th day of March, 2025, ordered that Defendants' Motion for Summary Judgment, (ECF No. 30), is DENIED.

Dated: March 18, 2025

                                                            /s/
                                             J. Mark Coulson
                                             United States Magistrate Judge